IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN PAULINE, #A0256259,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PUBLIC SAFETY STAFF, *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 21-00510 DKW-WRP<br><br>ORDER (1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g) |

Before the Court is pro se prisoner Alden Pauline's ("Pauline") Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"), ECF No. 6, and his First Amended Prisoner Civil Rights Complaint ("FAC"), ECF No. 12. For the following reasons, Pauline's IFP Application is DENIED, and this suit is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. BACKGROUND

Pauline is currently incarcerated at the Halawa Correctional Facility ("HCF"). He commenced this action on December 13, 2021, the date he signed the Complaint.[1] ECF No. 1 (filed Dec. 27, 2021). On December 28, 2021, the Court

---

[1] At the same time, Pauline submitted a motion "To Order the Attorney General to Look Into this Issue," ECF No. 2, a motion "To Call US Attorney Mimin Smith to Court About this Issue,"

issued a Deficiency Order advising Pauline that he was required to either pay the $402.00 statutory filing fee and administrative fee, or to submit a fully completed in forma pauperis application. ECF No. 5.

The Court received and filed Pauline's IFP Application on January 18, 2022. ECF No. 6. The IFP Application included the following question: "Have you been granted in forma pauperis status while a prisoner, in three or more prior actions which have been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?" ECF No. 6 at 1. Pauline responded to this question by marking a box next to the word "No." *Id.*

The Court issued an Order to Show Cause on January 20, 2022. ECF No. 8. The Court explained that 28 U.S.C. § 1915(g) generally prohibits a prisoner from bringing a civil action in forma pauperis if he previously brought three or more actions or appeals while he was incarcerated or detained that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *Id.* at 2. Despite Pauline's denial, the Court noted that Court records reflect that Pauline has had three or more actions dismissed for these reasons. *Id.* at 3. The Court also noted that it could not assess whether Pauline's claims fell within 28 U.S.C. § 1915(g)'s "imminent danger" exception until he resubmitted his

---

ECF No. 3, and a motion "To Order the DPS Director Max Otani to Look Into this Health and Safety Issues that is Going On," ECF No. 4.

Complaint using the approved Court form. *Id.* at 6. The Court therefore ordered Pauline to show cause in writing why he is entitled to proceed without prepayment of the full filing and administrative fee. *Id.* at 7. The Court further ordered Pauline to resubmit his Complaint using the required, approved Court form. *Id.*

On January 31, 2022, the Court received Pauline's FAC. ECF No. 12. Pauline includes in the caption of the FAC "Public Safety Staff," "HCF Addmen Staff," and "Dept. of Health."² *Id.* at 1. In Count I, Pauline alleges that Defendants did nothing to address "health and safety [violations]" at the HCF. *Id.* at 5. In Count II, he alleges that the "issues" at the HCF need to be "look[ed] into." *Id.* at 6. In Count III, Pauline alleges that he has "a problem" with "staff in a relationship with gang inmates that is in HCF that is working with family members that is staff that works in HCF now that is giving them drugs cell phones and assaulting staff and inmates[.]" *Id.* at 7. The FAC also included the following question, "Have you filed any actions in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted?" *Id.* at 4. Pauline answered this question by placing a checkmark next to "No." *Id.*

---

²Pauline does not name anyone in the body of the FAC. *See* ECF No. 12 at 1–2.

The Court received Pauline's Answer to the Order to Show Cause on January 31, 2022.³ ECF No. 11. Pauline asserts that one brother of his is "dead from [the] issue[s]" described in the FAC, and that another brother was stabbed "9 times from [these] issue[s]." *Id.* Pauline further asserts that he was "assaulted" and that he is threatened on "a daily basis." *Id.* at 1.

## II. THREE STRIKES

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915, however, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the

---

³The Court also received three letters from Pauline on the same day. *See* ECF Nos. 9, 10, 13.

language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997).

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar his pauper status. *Id*. *Andrews* implicitly allows the Court to raise *sua sponte* the Section 1915(g) problem but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120.

Court records reflect that Pauline has had three or more prisoner actions dismissed as frivolous, malicious, or for failing to state a claim. *See*, *e.g.*, Amended Order Dismissing Complaint and Action Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), *Alden v. Pali Momi Med. Ctr.*, Civ. No. 08-00195 HG-KSC (D. Haw. June 3, 2008), ECF No. 8; Order Dismissing Complaint and

5

Action Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), *Pauline v. H.C.F. Adm'r*, Civ. No. 08-00196 (D. Haw. May 7, 2008) ECF No. 4; Order Dismissing Complaint and Action Pursuant to 28 U.S.C. §§ 1915(e)(2); 1915A; 1915(g), *Pauline v. Tufnon*, Civ. No. 08-00389 DAE-LEK (D. Haw. Aug. 29, 2008), ECF No. 4; Judgment, *Pauline v. Mishner*, Civ. No. 09-00182 JMS-KSC (D. Haw. May 29, 2009), ECF No. 14.

For more than a dozen years, judges in this district have consistently informed Pauline of this fact. *See*, *e.g.*, Order Denying Application to Proceed In Forma Pauperis and Dismissing Action Pursuant to 28 U.S.C. § 1915(g), *Pauline v. Haw. State Hosp. Adm'r,* Civ. No. 09-00061 SOM-LEK (D. Haw. Mar. 12, 2009), ECF No. 13; Order Dismissing Action Pursuant to 28 U.S.C. § 1915(g), *Pauline v. Frank*, Civ. No. 09-00514 SOM-BMK (D. Haw. Oct. 28, 2009), ECF No. 4; Order Denying In Forma Pauperis Application and Dismissing Action Pursuant to 28 U.S.C. § 1915(g), *Pauline v. Seabright*, Civ. No. 15-00074 LEK-RLP (D. Haw. Mar. 31, 2015), ECF No. 6.

The Court provided Pauline notice of these earlier dismissals in the January 20, 2022 Order to Show Cause. ECF No. 8 at 3–4. Pauline does not address any of these past dismissals, including in his Answer to the OSC. *See* ECF Nos. 11, 12 at 4. Thus, unless an exception applies, 28 U.S.C. § 1915(g) requires dismissal of this action. *See Andrews*, 398 F.3d at 1119 ("[O]nce a prisoner has been placed on

notice of the potential disqualification under § 1915(g) by . . . the district court . . . the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status.").

### III.  IMMINENT DANGER EXCEPTION

Even when Section 1915(g) applies, a prisoner may proceed in forma pauperis if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of the ["imminent danger"] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The exception only applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055; *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015).

"Imminent" refers to those events "'ready to take place'" or "'hanging threateningly over one's head.'" *Andrews*, 493 F.3d at 1056. Thus, a prisoner seeking to fall within the exception must plausibly allege an "ongoing danger." *Id.* "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056–57; *Williams*, 775 F.3d at 1189.

The Ninth Circuit has indicated that any reference to imminent danger must also be sufficiently related to a claim in the complaint for the imminent danger exception to apply.  *See Williams*, 775 F.3d at 1190 (concluding that prisoner could proceed in forma pauperis on appeal where her allegations of an ongoing danger were "clearly related to her initial complaint."); *see also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)").  In deciding whether such a nexus exists, courts consider:  (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury.  *Id.* at 298-99; *see Grandinetti v. Mee*, Civ. No. 20-00110 LEK-RT, 2020 WL 1276081, at *2 (D. Haw. Mar. 17, 2020).

Pauline has not plausibly alleged that he was under an imminent danger of serious physical injury when he filed the FAC.  Although Pauline asserts that there are "health and safety violations" at the HCF, ECF No. 12 at 5, he fails to identify what these alleged violations are or to explain how he faced an imminent danger of serious physical injury because of them.  To the extent Pauline asserts that one "brother" of his died and another "brother" was stabbed while in custody, he fails

to link these allegations to any ongoing health and safety issue at HCF. *See* ECF 11 at 1. Similarly, to the extent Pauline asserts that he had been assaulted and that he is threatened "on a daily basis," he does not link these allegations to any of his claims. *See id.*; *see also Pauline v. Seabright*, No. 15-00074 LEK/RLP, 2015 WL 1499661, at *4 (D. Haw. Mar. 31, 2015) ("[E]ven assuming Pauline could be said to assert that he is in imminent danger, he does not allege, much less show, that such danger is fairly traceable to a violation of law by any Defendant." (quotation marks and citation omitted)). Pauline does not say who assaulted him or when the alleged assault occurred. Likewise, Pauline does not say who threatened him or how they did so. Thus, Pauline has not plausibly alleged that he was under an imminent danger of serious physical injury when he filed the FAC. *See In re Pauline*, Civ. No. 15-00084 SOM/KSC, 2015 WL 1349649, at * (D. Haw. Mar. 24, 2015) ("Claims of 'imminent danger of serious physical injury' cannot be triggered solely by complaints of past abuse.").

## IV. <u>CONCLUSION</u>

(1) Pauline's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 6, is DENIED.

(2) This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

(3) Any pending motions, *see* ECF Nos. 2, 3, 4, are DENIED as moot.

(4) The Clerk shall close the case and note on the docket that this dismissal is without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: February 2, 2022 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Alden Pauline v. Public Safety Staff, et al.*; Civil No. 21-00510 DKW-WRP;
**ORDER (1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g)**